Kalkmann v. Baylis.

---

## KALKMANN *et al. v.* BAYLIS *et al.*

PLAINTIFFS, May 22, 1858, entered into a written contract with defendants to construct for them a warehouse of specified size, etc., to be finished on or before July 15th, 1858, for $1,350, payable $250 cash, $500 when the building is finished, and $600 payable in freight on lumber or cash, within eight months from this date. The warehouse was finished within the time, but with some unimportant variations. Defendants received the work after completion. Plaintiffs bring this suit Nov. 17th, 1858, for $1,110—the amount of the two installments less the cash payment, the $10 being for extra work—counting on the contract and on a *quantum meruit*: *Held*, that the $600 was not due at the commencement of the suit, and that plaintiffs cannot recover therefor; that defendants had, under the contract, the election to pay in freight on lumber or money, and that if they did not at the end of eight months pay in lumber, it then became a money demand.

APPEAL from the Seventh District.

The contract sued on, which was for the erection by plaintiffs for defendants of a warehouse of specified dimensions and material, contains the following words : " Now, Messrs. J. Kalkmann & Co. agree and bind themselves to have the above specified warehouse built in a good workmanlike manner, and finished on or before the fifteenth day of July next, for the sum of thirteen hundred and fifty dollars, payable two hundred and fifty dollars cash down on signing this contract, five hundred dollars when the building is finished, and six hundred dollars payable in freight on lumber or cash within eight months from this date. And Messsrs. T. F. Baylis & Co. bind themselves to make the above payments to Messrs. J. Kalkmann & Co., and carry lumber for them whenever desired, at the rate of two dollars and fifty cents per 1,000 feet, from San Francisco to Petaluma, and take such lumber on board in San Francisco from any wharf or alongside of any vessel as may be desired, provided the quantity shipped is not less than twenty thousand feet at a time, and at the rate of three dollars per 1,000 feet from Redwood City to Petaluma, provided the vessel sent to that place get a full cargo.    In witness whereof," etc.

(Signed)                              " J. KALKMANN & Co.
                                      " T. F. BAYLIS & Co."

The complaint, verified, contained three counts : 1st, upon the contract, claiming the $500 and $600.    Under this count plaintiffs aver, among other things, that after the building was completed according to contract, and about July 15th, 1858, they made a written demand of defendants to send a vessel to Redwood City and to bring therefrom a cargo of lumber to Petaluma, which was refused.    The 2d, upon extra work, done at defendants' request, in moving the foundation of the building, claiming therefor $10. The 3d count was a *quantum meruit* for work and labor, and *quantum valebant* for materials to the amount of $1,360 with a credit of $250 paid, leaving due $1,110.

The defendants answered, denying the allegations of the complaint, and at the same time gave notice that they would move to strike out the whole of the third count, as redundant matter ; and also, to strike out so much of the first count as related to the payment of $600, on the ground that it was not due, according to the

Kalkmann *v.* Baylis.

allegations of the complaint, when the same was filed.    The Court refused to strike out the third count, defendants excepting, but struck out that part of the complaint which related to the $600.

The parties went to trial after this order was made, and the jury found for the plaintiffs nearly the amount of their demands, less the $600.    The defendants moved for a new trial, which was granted.    After the new trial had been granted, plaintiffs had leave to amend their complaint, but never did amend.    The case came on for trial again, and the plaintiffs had judgment for the whole of their demands, (including the $600 which the Court struck out) less about $110 and some interest, $90 or $100, more or less.

The defendants again moved for a new trial, which was denied, and they appeal.

*Robinson, Beatty & Heacock,* for Appellants.

*Jackson Temple and J. B. Harmon,* for Respondents.

BALDWIN J. delivered the opinion of the Court—FIELD C. J. and COPE J. concurring.

We understand that the work done for which suit was brought was not done according to the written contract, but that some variations were made ; but that the work after completion was received by the defendants.    The plaintiffs counted as well on the special contract as on a *quantum meruit*.    But it seems that according to the contract, the sum of $600 was conditioned to be paid in freight on lumber or in cash at eight months from the date of the contract.    We take this provision to give the defendants the election to pay in freight on lumber or in money.    If they did not at the end of the eight months pay in freight, it then became a money demand.    We do not see how the mere fact that the plaintiffs made some variation from the plan of the work, that variation not being important, varied the contract as to the payment, either as to time or mode.    Defendants by receiving the work became liable to pay for it what it was worth, taking the price agreed as the standard, but the terms of the payment were not designed to be changed. We do not see, therefore, how the jury could have found this sum of $600 as already due—that sum, according to the contract, not

being payable at the time the suit was brought.   (1 Parsons on Cont., 35, note.)

If the acceptance of the work under the circumstances, the variations not being important, is to be considered a fulfillment of the contract according to its terms by the plaintiffs, then the same result follows; for according to the contract the plaintiffs were only entitled to this $600 eight months after the date of the contract.

Judgment reversed and cause remanded for new trial.